**WO** SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cedric Ah Sing,<br><br>  Plaintiff,<br><br>vs.<br><br>Shari Kimoto, Inc., et al.,<br><br>  Defendants. | No. CV 12-0818-PHX-GMS (MEA)<br><br>**ORDER** |

On January 24, 2012, Plaintiff Cedric Ah Sing, a Hawaiian inmate confined in the Saguaro Correctional Center (SCC), a Corrections Corporation of America (CCA) facility in Eloy, Arizona, filed a document captioned "HRPP Rule 10(c)(2)(3) Noncomforming and Separate Cause of Action" (hereafter Complaint), in the Circuit Court for the First Circuit of the State of Hawaii, matter No. CV12-1-0218-01. In his Complaint, Plaintiff alleges violations of his federal constitutional rights, as well as state law claims. (Doc. 1, Complaint.) Plaintiff named Hawaii Department of Public Safety (DPS) Administrator Shari Kimoto, as the only Defendant. On February 12, 2012, Defendant removed the case from Hawaii state court to the District Court for the District of Hawaii. (Id.) On April 18, 2012, the District Court for the District of Hawaii transferred the case to this District as the proper venue. (Doc. 11.) Plaintiff has filed a motion to remand. (Doc. 15.) The Court will deny the motion. In addition, the Court will dismiss the Complaint and this action without leave

to amend.

## I. Motion to Remand

Plaintiff asks the Court to remand this case to Hawaii State Court "because this case is not ripe for federal review" under 42 U.S.C. § 1997e(a).[1] (Doc. 15 at 1.) Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Ripeness implicates subject matter jurisdiction of a federal court. United States v. Weber, 451 F.3d 552, 556 (9th Cir. 2006). However, unlike ripeness, exhaustion is not jurisdictional; a prisoner's failure to exhaust his administrative remedies does not deprive the Court of subject matter jurisdiction. Rumbles v. Hill, 182 F.3d 1064, 1067-68 (9th Cir. 1999). A failure to exhaust does not deprive the Court of jurisdiction because exhaustion is an affirmative defense, which may be waived if not raised by a defendant. Jones v. Bock, 549 U.S. 199, 212 (2007). Therefore, regardless of whether Plaintiff administratively exhausted his claims before filing suit, this Court has subject matter jurisdiction and Plaintiff's claims are ripe.[2]

It is also clear that venue for this case is proper in the District of Arizona. 28 U.S.C. §§ 1441, 1404, 1406. The events giving rise to the suit occurred in Arizona and this action could have been filed in this District in the first instance. Further, events at issue in this case involve Plaintiff, who is incarcerated in Arizona, and Arizona residents and Plaintiff has not demonstrated that Hawaii is a more appropriate forum.

Plaintiff argues that he did not file this action under 42 U.S.C. § 1983. Regardless,

---

[1] Plaintiff cites 42 U.S.C. "§ 1997(e)(a)" rather than § 1997e(a).

[2] To the extent that Plaintiff contends that SCC lacks an administrative grievance process, he may present such arguments when and if Defendant seeks dismissal for failure to exhaust.

- 2 -

1 Plaintiff alleges federal constitutional violations by a state official, which may be brought in
2 federal court pursuant to 42 U.S.C. § 1983.

3   Plaintiff also contends that a state official, here Kimoto, cannot be sued in federal
4 court because of Eleventh Amendment immunity. Plaintiff is mistaken. Under the Eleventh
5 Amendment to the Constitution of the United States, neither a state nor its agencies may be
6 sued in federal court without its consent. Pennhurst State Sch. & Hosp. v. Halderman, 465
7 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). However, a state
8 official may be sued in federal court. See 42 U.S.C. § 1983.

9   Plaintiff has not demonstrated that remand to the District of Hawaii is appropriate.
10 Accordingly, his motion will be denied.

11 **II.     Statutory Screening of Prisoner Complaints**

12   The Court is required to screen complaints brought by prisoners seeking relief against
13 a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
14 § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
15 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
16 be granted, or that seek monetary relief from a defendant who is immune from such relief.
17 28 U.S.C. § 1915A(b)(1), (2).

18   A pleading must contain a "short and plain statement of the claim *showing* that the
19 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not
20 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
21 unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
22 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
23 statements, do not suffice." Id.

24   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
25 claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
26 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
27 that allows the court to draw the reasonable inference that the defendant is liable for the
28

- 3 -

1 misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
2 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
3 experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
4 allegations may be consistent with a constitutional claim, a court must assess whether there
5 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

6 But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
7 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th
8 Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
9 than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,
10 94 (2007) (*per curiam*)).

11 **III.   Complaint**

12 Plaintiff alleges violations of his federal and state due process rights in connection
13 with disciplinary proceedings. Plaintiff sues only DPS Administrator Shari Kimoto.

14 Plaintiff alleges the following facts: On August 13, 2008, he was taken to segregation
15 pending investigation for Security Threat Activity (STG) stemming from an incident in April
16 2008. Plaintiff was found guilty of disciplinary infractions in September, 2008. Plaintiff was
17 held in segregation for eight months, or until about April 2009.

18 Copies of documents attached to the Complaint reflect the following: Plaintiff was
19 placed in segregation on August 13, 2008 pending an investigation for possible rule
20 infractions. (Doc. 1 at 14.) On September, 10, 2008, Plaintiff was found guilty of rule
21 infraction C-3 and C-9 for which he was sanctioned 60 days in segregation with credit for
22 time served. (Id. at 15.) On September 17, 2008, his disciplinary appeal was denied. (Id.)
23 On November 7, 2008, Kimoto upheld the disciplinary report in response to a letter sent by
24 Plaintiff to DPS Director Clayton. (Id. at 17.)

25 **IV.   Failure to State a Claim under § 1983**

26 A plaintiff may seek relief for violations of his federal constitutional or statutory rights
27 under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege facts
28

- 4 -

supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

The failure to state a claim includes circumstances where a defense is complete and obvious from the face of the pleadings. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (applying former § 1915(d) now codified at 28 U.S.C. § 1915(e)(2)(B)). Further, in the absence of waiver, a court may raise the defense of statute of limitations *sua sponte*. See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993); see also Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (appropriate to dismiss prisoner's complaint *sua sponte* as time-barred under § 1915(e)(2)(B)); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 956 (4th Cir. 1995) (*en banc*) (same); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (same); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (same); Johnson v. Rodriguez, 943 F.2d 104, 107-08 (1st Cir. 1991) (same).

In § 1983 actions, the Court applies the statute of limitations of the forum state for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266, 274-76 (1985); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991). The Arizona statute of limitations for personal injury actions is two years. See A.R.S. § 12-542 (1); Madden-Tyler v. Maricopa County, 943 P.2d 822, 824 (Ariz. Ct. App. 1997); Vaughan, 927 F.2d at 478. Arizona law also provides for the tolling of the statute of limitation after a cause of action accrues for the period during which a plaintiff was less than 18 years old or of unsound mind. A.R.S. § 12-502.

Plaintiff's Complaint was filed on January 24, 2012. (Doc. 1.) For his federal claims to be timely, they must have accrued no earlier than January 24, 2010, two years before his Complaint was filed. "[A] claim generally accrues when a plaintiff knows or has reason to

know of the injury which is the basis of his action." Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998). Plaintiff's federal claims accrued no later than September 2008. Accordingly, Plaintiff's federal claims are facially time-barred.

## V.     State Law Claims

Plaintiff also asserts state law claims. Where a federal court has original jurisdiction over an action, such as a case asserting constitutional violations pursuant to 42 U.S.C. § 1983, the doctrine of pendent jurisdiction allows a federal court to exercise "pendent" or "supplemental" jurisdiction over closely related state law claims. Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004) (citing 28 U.S.C. § 1367(a)). Plaintiff's federal claims are being dismissed as facially time-barred. The Court declines to exercise supplemental jurisdiction over his state law claims and they will be dismissed without prejudice.

## Conclusion

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). In this case, Plaintiff's federal claims are facially time-barred. Accordingly, the Court will dismiss his federal claims without leave to amend and with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, which will be dismissed without prejudice.

**IT IS ORDERED:**

(1)     Plaintiff's motion to remand is **denied**. (Doc. 15.)

(2)     Plaintiff's federal claims are **dismissed with prejudice**. (Doc. 1.)

(3)     Plaintiff's state law claims are **dismissed without prejudice**. (Doc. 1.)

(4)     The Clerk of Court must enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)     The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this

1  decision would not be taken in good faith.

2  DATED this 4th day of June, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge

- 7 -